IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  06-10231-02-WEB |
| | ) |
| SHERMAN E. GIBBS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Memorandum and Order**

This matter is before the court on defendant Sherman Gibbs' Motion to Withdraw his Plea of Guilty.  The court finds that oral argument would not assist in deciding the issues presented.

I. *Background*.

In an Indictment filed October 17, 2006, defendant Sherman Gibbs and co-defendant Terrainio Hart were jointly charged with one count of unlawful possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine, contrary to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Doc. 1.  Mr. Gibbs made his first appearance on October 20, 2006, at which time CJA Panel attorney John E. Rapp was appointed to represent him.  Doc. 3.[1]  Defense counsel subsequently moved for and received a continuance of the trial and motion hearing dates.  Docs. 18, 19.

On January 1, 2007, the United States filed an Information of prior conviction under 21 U.S.C. § 851 alleging that defendant Gibbs was "subject to an enhanced sentence of at least a

---

[1] On January 18, 2007, another attorney from Mr. Rapp's firm, C. Ryan Gering, also entered an appearance on behalf of defendant Gibbs.  Doc. 31.

mandatory minimum sentence of ten (10) years imprisonment for his prior conviction for Possession with the Intent to Distribute Marijuana on March 29, 2006 in Baltimore, Maryland."  Doc. 24.[2] Under Section 841(b)(1)(B), a person who unlawfully possesses with intent to distribute more than 500 grams of a mixture containing cocaine will be subject to a ten-year mandatory minimum sentence if the person commits the offense after a prior conviction for a felony drug offense.

On January 10, 2007, the United States filed a Superseding Indictment adding charges against the defendants for unlawful travel in interstate commerce to promote an unlawful activity, contrary to 18 U.S.C. § 1952, and conspiracy to distribute cocaine, contrary to 21 U.S.C. § 846. Doc. 29.  A Second Superseding Indictment containing the same charges was filed February 6, 2007. Doc. 35.

Defendant Gibbs filed a motion to suppress evidence on February 16, 2007, together with a motion to continue the trial date.  Docs. 36, 37. Within a week thereafter, counsel for both defendants notified the court of their clients' intent to enter guilty pleas, and the court scheduled hearings for that purpose.

On February 27, 2007, defendant Gibbs appeared before the court with Mr. Rapp for a hearing pursuant to Fed.R.Crim.P. 11.  At that hearing, the court examined Mr. Gibbs under oath about his intention to plead guilty to Count 1 of the Second Superseding Indictment.  The court reviewed with Mr. Gibbs the Petition to Enter a Plea of Guilty and the terms of the defendant's plea agreement.  During the course of the hearing, the court informed Mr. Gibbs that a plea of guilty on

_____

[2] The records subsequently obtained by the Probation Officer in preparing the Presentence Report indicate that defendant was convicted of Conspiracy to Distribute Cocaine in Case Number 104293028 in the Circuit Court of Maryland for Baltimore City on March 29, 2006.  Prior to that, on September 3, 2003, he was convicted in the Circuit Court of Baltimore County in Case No. 03CR1914 of Possession with intent to Distribute a Controlled Dangerous Substance.

this count could subject him to a mandatory minimum punishment of 5 years' imprisonment and a maximum possible punishment of 40 years' imprisonment.  The court also reviewed the provisions of the Petition stating that defendant understood that no one, including his attorney, had any authority to make any promises about the sentence he would receive, and that the sentence was a matter within the control of the judge.  The defendant acknowledged that the U.S. Sentencing Guidelines would be taken into account in determining his sentence and that the judge would determine the sentence after considering a number of factors, including his prior criminal history. He represented that he was prepared to accept any punishment permitted by law which the court saw fit to impose.  As part of the defendant's plea agreement, the United States agreed to dismiss the Information of Prior Conviction under § 851 and agreed to dismiss the remaining counts of the Second Superseding Indictment.  The parties agreed to request that the U.S. Sentencing Guidelines be applied and that a sentence consistent with the guidelines be imposed.  The plea agreement also provided that "[t]he defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw his plea of guilty."  The court accepted Mr. Gibbs plea of Guilty to Count 1 after determining that the plea was made knowingly and voluntarily.  Doc. 42.

The sentencing hearing was initially scheduled for May 14, 2007, and a Presentence Report was ordered.  The Probation Officer preparing the report determined that defendant had two prior felony convictions for controlled substance offenses, meaning he was subject to an enhanced sentence as a career offender.  With the enhancement, the defendant's offense level was determined to be 31 and his Criminal History Category was VI, resulting in an advisory guideline range of 188-235 months' imprisonment.  *See* USSG 4B1.1.  Without the career offender enhancement, defendant

would have been subject to a guideline range of 57-71 months.

II. *Motion to Withdraw Plea.*

Defendant obtained a continuance of the sentencing hearing, and on May 22, 2007, he filed the instant motion to withdraw his plea of guilty.  Among other things, the motion alleges the following:

> 4.  Counsel for this Defendant advised him that, due to his criminal history and the nature of the offense, Mr. Gibbs would receive a sentence of approximately 6 years.  Counsel did not believe this Defendant was subject to any substantial enhancements pursuant to the USSG.

> 5.  Counsel for Mr. Gibbs informed him that, if Mr. Gibbs had two or more felony drug convictions or violent offenses, he would be subject to the career criminal enhancement.  Counsel was informed that Mr. Gibbs had only one prior felony conviction for a drug offense and no prior violent felonies.  Counsel was made aware of a case in Baltimore, MD that Defendant pled to that was a misdemeanor for which he received a 10-year sentence, but was granted probation.

> \*   \*   \*

> 10.  Counsel for Mr. Gibbs did advise Mr. Gibbs that he (Mr. Gibbs) did not qualify for an adjustment pursuant to § 4B1.1 when counsel and Mr. Gibbs reviewed the plea agreement and the potential sentence.

> 11.  Counsel did not know or realize that prior felony convictions, for purposes of the career criminal enhancement, included any "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."  See commentary at USSG § 4B1.2.

> 12.  Counsel was unaware of that definition and, as such, did not properly inform his client.

Doc. 54 at 2-3.

III.  *Standard Governing Motion to Withdraw*.

A defendant may withdraw a plea of guilty before sentencing if he "can show a fair and just reason for requesting the withdrawal."  Fed.R.Crim.P. 11(d)(2)(B).  A defendant does not have an absolute right to withdraw a guilty plea, however, and the defendant bears the burden of demonstrating a fair and just reason.  *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000).  Although motions to withdraw guilty pleas before sentencing are to be "freely allowed and treated with liberality," it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.  *United States v. Wade*, 940 F.2d 1375, 1377 (10th Cir. 1991).

The court considers a number of factors, including the following, in determining whether the defendant has satisfied his burden:  (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.  *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005) (*quoting United States v. Sandoval*, 390 F.3d 1294, 1298 (10th Cir.2004)).

IV.  *Discussion*.

1.  <u>*Whether the defendant has asserted his innocence*</u>.  The defendant's motion does not assert his innocence, and he admitted under oath at the plea hearing the facts constituting the elements of the offense.  The defendant's motion does assert that he might have a valid defense to the charges arising from a motion to suppress evidence.

2.  <u>*Whether withdrawal would prejudice the Government*</u>.  The Government asserts that it

would suffer prejudice if the plea were withdrawn because it would be forced to prepare for trial and to re-file the § 851 Information it previously dismissed. Additionally, the Government says the U.S. Marshals would be required to transport the co-defendant, Terrainio Hart, from Arizona back to this district to testify. The Government states that Hart is currently in Arizona to testify in an unrelated case and it does not know how long it will be before he can be transported back to Kansas.

The court concludes that any prejudice to the Government in preparing for trial and in re-filing the § 851 Information is relatively insignificant and entitled to little weight. The absence of a necessary witness could be a significant factor, although a continuance of the evidentiary hearings or trial to allow the witness to be transported back would likely suffice to avoid undue prejudice to the Government from withdrawal of the guilty plea.

3. *Whether the defendant delayed in filing his motion*. The Government does not contend the defendant delayed in filing his motion.

4. *Whether withdrawal would substantially inconvenience the court*. Given the problems inherent in re-scheduling an additional criminal matter for a motions hearing and trial, the granting of the motion would result in some inconvenience to the court, although the inconvenience would not likely be overly burdensome.

5 & 6. *Whether close assistance of counsel was available to the defendant; Whether the plea was knowing and voluntary*. These factors present some difficulty in this case. Ordinarily, the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a fair and just reason to allow withdrawal of a guilty plea. *See United States v. Stephens*, 906 F.2d 251, 253 (6th Cir.1990); *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989). And, to ensure that a defendant is not misled about the possible consequences of his plea, the court specifically asks at

6

the Rule 11 hearing, as it did here, whether the defendant understands the maximum possible penalties, whether he understands it is up to the judge alone to determine the sentence, and whether anyone – including his attorney – has made any promises concerning the sentence that are not contained in the plea agreement.   Moreover, in the instant motion, Mr. Rapp states that he specifically advised the defendant that if he had two or more felony drug convictions or violent offenses, he would be subject to the career criminal enhancement.   But Mr. Rapp candidly admits that he misadvised the defendant that he did not qualify for a career offender enhancement based a lack of knowledge of the applicable definition of "felony."

An attorney's failure to properly advise a defendant of the impact of the career offender provisions has been the subject of numerous cases.   Most courts have held that such a deficiency does not warrant withdrawal of a plea of guilty where the defendant otherwise understood the maximum possible penalties, understood that sentencing was up to the court alone, and understood that estimates of the sentence by counsel were not binding on the court and were not grounds for withdrawal of the plea.   *See e.g., United States v. Himick*, 139 Fed.Appx. 227, 2005 WL 1562376 (11th Cir., Jul. 5, 2005) (allegation that counsel failed to advise defendant of career offender enhancement was subject to general rule that attorney's inaccurate estimate of sentence does not justify withdrawal of plea where defendant understood the maximum possible sentence for the offense); *United States v. Ceniceros*, 97 Fed.Appx. 494, 2004 WL 1161908 (5th Cir., May 21, 2004) (counsel's representation that Government would not pursue career offender enhancement did not justify withdrawal of plea; defendant knew that he could not rely on estimate of his counsel and that he could not withdraw his plea if sentence was higher than he expected); *United States v. Wright*, 135 Fed.Appx. 222, 2005 WL 1279221 (11th Cir., May 31, 2005) (withdrawal of plea not justified

where defendant understood maximum possible penalties); *United States v. Dunn*, 82 F.3d 424 (9th Cir., Apr. 9, 1996) ("Erroneous advice by Dunn's counsel about his susceptibility to the career offender sentencing enhancement does not present any 'fair and just reason to withdraw' his plea."); *United States v. Wilder*, 204 Fed.Appx. 146, 2006 WL 3024702 (3rd Cir., Oct. 25, 2006) (district court did not abuse discretion in denying motion where attorney allegedly improperly advised defendant regarding career offender status; defendant did not assert innocence, did not make showing that he would have insisted on going to trial if he had been properly advised, and the Government's evidence of guilt was strong). The Tenth Circuit has stated that "[o]ur case law is clear that a defendant is not entitled to withdraw a guilty plea based on an erroneous prediction that he would not be sentenced as a career offender where he was well advised that imposition of a sentence different from the one he expected would not be a basis for withdrawing the plea." *United States v. Rith*, 63 Fed.Appx. 463, 464, 2003 WL 21153245 (10th Cir., May 20, 2003) (*citing, inter alia, United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir.1990)).

On the other hand, some courts have said on habeas or other review that relief could be warranted if the circumstances amount to ineffective assistance of counsel within the meaning of the Sixth Amendment. *Cf. United States v. Nation*, 2007 WL 1289876 (5th Cir., May 3, 2007) (unpublished) (granting evidentiary hearing on § 2255 claim that attorney erroneously advised defendant that plea would not subject him to career offender enhancement); *United States v. Colon-Torres*, 382 F.3d 76 (1st Cir. 2004) (direct appeal remanding for hearing on ineffective assistance of counsel). *Cf. United States v. Barnes*, 83 F.3d 934, 939-40 (7th Cir.1996) (counsel was not ineffective in advising defendant about the consequences of pleading guilty, despite failing to recognize that defendant would be sentenced as a career offender, where nothing in the trial record

proved that he did not undertake a good-faith investigation of the facts relevant to the defendant's sentencing).

Defense counsel's statement in the instant motion suggests that he assured the defendant he would not qualify as a career offender.  If so, that was a mistake, because it is up to the court to make sentencing determinations and counsel should have qualified any prediction of the sentence with that caveat.  This advice was apparently due in part to counsel's lack of awareness of the "felony" definition under USSG § 4B1.2, which declares an offense to be a felony if it is punishable by imprisonment for a term exceeding one year, regardless of whether it is designated as a felony and regardless of the actual sentence imposed.[3]  *Cf. Harris v. State of Maryland*, 169 Md.App. 98, 899 A.2d 934 (Md.App. 2006) (stating that conspiracy to distribute cocaine under Maryland law is a common law misdemeanor, not a statutory crime); MD Code § 5-609(b)(1) (second-time offender convicted of conspiracy to commit drug crime shall be sentenced to imprisonment for not less than 10 years).  Despite these apparent errors, the defendant's plea of guilty was free and voluntary within the meaning of the law.  Regardless of defendant's expectations about the advisory guideline sentencing range that would likely apply, he made a voluntary decision to plead guilty while knowing that he could receive up to 40 years imprisonment and that it was up to the court to determine the sentence.  And it is doubtful whether he would have any actionable claim for ineffective assistance of counsel given that he understood that sentencing was up to the court, that he could be sentenced to up to 40 years imprisonment based upon his plea, and that his counsel had no authority to make any promise as to what the sentence would be.  Nevertheless, the "fair and just"

---

[3] Counsel asserts that he "was informed that Mr. Gibbs had only one prior felony conviction for a drug offense...."  Doc. 54 at 2.  Counsel does not say what the source of this information was or what investigation he undertook of the matter prior to the guilty plea.

standard of Rule 11 undoubtedly gives the court some discretion even where the plea of guilty was knowing and voluntary and counsel's error did not result in legal prejudice. The court concludes it has discretion to permit withdrawal of a plea where counsel's admittedly erroneous advice may have been a factor in the defendant's decision to plead guilty. *Cf. United States v. Davis*, 428 F.3d 802, 806-07 (9th Cir. 2005).

7. *Whether the withdrawal would waste judicial resources*. The withdrawal of the plea at this stage would result in some waste of judicial resources, given the not-insignificant history of the case and the time and effort that were necessarily expended in preparing for and conducting the Rule 11 hearing.

*Summary*. Taking all of the foregoing factors into account, the court concludes the motion to withdraw the plea of guilty should be denied. Although it is undisputed that counsel incorrectly advised the defendant that he would not qualify as a career offender, the court made clear to the defendant before he pled guilty – and the defendant clearly understood – that it was up to the court alone to make the sentencing determination, that his counsel had no authority to make any promises as to what his sentence would be, that a plea of guilty could subject him to a maximum possible punishment of forty years' imprisonment, and that he would not have the right to withdraw his plea of guilty if the court imposed a sentence with which he did not agree. The defendant also clearly understood the provisions of his plea agreement and knew there was no promise therein as to what advisory guideline range would apply at sentencing. Despite knowing all these things, the defendant represented under oath that he wanted to plead guilty, that he was voluntarily doing so because he was guilty of the offense, and that he was prepared to accept any punishment permitted by law that the court saw fit to impose. Although the defendant did not delay in filing his motion, and the

10

potential inconvenience or prejudice from withdrawal of the plea would be considered modest, the court is not persuaded that the balance of factors weighs in favor of allowing withdrawal.  Taken together, the court concludes that the circumstances do not show a fair and just reason for withdrawal of the plea of guilty.

V.  *Conclusion*.

Defendant Gibbs' Motion to Withdraw Plea of Guilty (Doc. 54) is DENIED.  IT IS SO ORDERED this   10th   Day of July, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

11