**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 06-10231-WEB |
| | ) |
| Sherman Gibbs, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

Now before the Court is the defendant, Sherman Gibbs, objections to the presentence report and the defendant's Sentencing Memorandum. The record shows the defendant entered a plea on February 26, 2007 to Possession with the Intent to Distribute more than 500 Grams of cocaine in violation of 21 U.S.C. 841(a)(1). The defendant filed a motion to withdraw his plea, which the court denied.

I. <u>Defendant's Objection</u>

The defendant filed one objection to the presentence report. The defendant asserts he is not a Career Offender as indicated in the presentence report. The defendant argues the conviction out of Maryland for Conspiracy to Distribute Cocaine is not a felony conviction. (¶ 51, PSR).

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instance offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a

1

controlled substance offense. U.S.S.G. § 4B1.1. The defendant is not disputing the first and second requirement of the career offender classification. The defendant is disputing that he has at least two prior felony convictions that would contribute toward his career offender status.

The defendant has two prior controlled substance offenses included in his criminal history. The first offense, Possession with Intent to Distribute Marijuana, is classified as a felony offense. (¶ 50, PSR). This conviction is out of Maryland. The defendant is not disputing this offense or the classification of this offense as a felony. The second conviction on the defendant's criminal history, Conspiracy to Distribute Cocaine, is classified on the presentence report as a felony offense. (¶ 51, PSR). This conviction is also out of Maryland. The defendant is disputing this offense is a felony.

The defendant was convicted of Conspiracy to Distribute Cocaine in Maryland. He was sentenced to 10 years, suspended, and placed on 2 years of probation. (Presentence report, p. 13). The sentencing guidelines have defined "prior felony conviction" in regard to a career offender. A "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." See Application Notes, U.S.S.G. § 4B1.2. The conviction to which the defendant objects specifically meets this criteria. It is an adult conviction, from the State of Maryland, and the sentence imposed was greater than one year. The classification of the conviction of Conspiracy to Distribute Cocaine is correctly classified as a felony.

In *United States v. Couch*, the defendant argued his prior conviction for aggravated misdemeanor assault was improperly construed as a felony conviction for a "crime of violence".

The court determined since the punishment for the conviction carried a prison sentence of two years, and it met the other requirements of the career offender classification, the conviction was correctly included as a felony offense. 51 Fed.Appx. 613, 614 (8th Cir.2002).

The Ninth Circuit has consistently determined a conviction qualifies as a felony offense if the term of imprisonment is more than one year, regardless if the time is served. The court first determined that it is a well established federal rule that a felony is an offense punishable by a term of imprisonment of more than one year. *United States v. Davis*, 932 F.2d 752, 763 (9th Cir.1991). The court then determined that a conviction counts as a predicate felony, even if it is a state court conviction, as long as the offense is punishable by death or imprisonment for a term exceeding one year. *United States v. Flennory*, 23 Fed.Appx. 702, 703 (9th Cir.2001), citing *United States v. Gallegos-Gonzales*, 3 F.3d 325, 329 (9th Cir.1993).

The classification of the defendant as a career offender was proper. The defendant has two prior felonies, as defined by U.S.S.G. 4B1.2, which are both controlled substance offenses. The defendant was found guilty of a controlled substance offense, and the defendant was eighteen years of age when the offense was committed. The defendant is accurately classified as a career offender, and his criminal history is correct as criminal history category VI.

II. Sentencing Memorandum

The defendant filed a Sentencing Memorandum in which he requests a sentence of 60 months. The defendant requests the court to consider the factors set forth in 18 U.S.C. 3553(a) and make a determination that the advisory guideline sentence achieves an unjust result. The defendant relies on the sentencing disparity which results from the career offender classification. In four of the six arguments presented by the defendant, the focus is on the difference in the

sentences of the two defendants in this case.

The court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). Disparate sentences are allowed where the disparity is explicable by the facts. *United States v. Garza*, 1 F.3d 1098, 1101 (10th Cir.), cert. denied, 510 U.S. 1018, 114 S.Ct. 617, 126 L.Ed.2d 581 (1993). The purpose of the guidelines is to eliminate unwarranted disparity in sentences nationwide, not to eliminate disparity between co-defendants. *United States v. Gallegos*, 129 F.3d 1140, 1143 (10th Cir.1997). A defendant alleging a disparity between his sentence and that of a co-defendant is not entitled to relief from a sentence that is properly within the sentence guidelines and statutory requirements. *United States v. Blackwell*, 127 F.3d 947, 951-52 (10th Cir.1997).

The record shows the defendant did not have a similar record to his co-defendant. The defendant was found to be a career offender. As such, he was sentenced at a higher criminal history category. Although the conduct of the two defendants was the same, the criminal history differentiates the defendants and results in the disparity of the sentences.

The court has considered the factors set forth in 18 U.S.C. § 3553, the nature and circumstances of the offense; the defendant's history, the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant. The court determines a sentence within the recommended guideline range is a sufficient sentence for the crime of conviction for a career offender defendant. The defendant was convicted of Possession with the Intent to Distribute, and the defendant has two prior convictions for possession with the intent to distribute. The

defendant was on probation at the time of the offense, and had picked up his last conviction only six months prior to the offense date in the case at hand.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the Defendant's objection to the pre-sentence report be DENIED.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's request for a sentence variance pursuant to 18 U.S.C. § 3553 be DENIED.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

SO ORDERED this 30th day of August, 2007.

   s/ Wesley E. Brown
Wesley E. Brown, Senior U.S. District Judge